**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLINTON GREEN, SR.,

    Plaintiff,

vs.                                          Case No. 3:13-cv-01206-J-32JBT

DANIEL I. WERFEL,
UNITED STATES OF AMERICA,

    Defendants.

---

## **ORDER**

    Plaintiff, Clinton Green, Sr., proceeding pro se, filed a complaint against Defendant, Daniel I. Werfel, acting Commissioner of the Internal Revenue Service (IRS). (Doc. 1.) Defendant filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. 3.) Plaintiff has filed a response in opposition. (Doc. 9.) Plaintiff also filed a document entitled "Prayer for Issuance of an Order Requiring Specific Performance," which the Court interprets as something akin to a motion for summary judgment. (Doc. 8.) Plaintiff also recently filed a "Motion to Accept Additional Evidence of Debt," to which he attached a document entitled "Declaration of Lien" against IRS property and a document entitled "Commercial Affidavit of Truth and Notice of Lien." (Doc. 10.)

**I. Background**

    On July 22, 2013, Mr. Green mailed the IRS an "affidavit" in which he asserted that the IRS was a legal fiction, and that the IRS agreed to pay Mr. Green six billion

dollars as repayment for funds fraudulently exacted from him, among other things. (Doc. 1-1 at 5-6.) Mr. Green further asserted that failure to respond to the affidavit within fifteen days would indicate that Mr. Werfel conceded all of Mr. Green's allegations, and that Mr. Werfel was contractually bound to perform all that Mr. Green requested in the affidavit. (Doc. 1-1 at 6.) Mr. Werfel allegedly failed to respond. On September 11, 2013, Mr. Green sent Defendant a notice of default on the prior affidavit by certified mail, which was delivered on September 16, 2013. (Doc. 1-1 at 9-20.)

Mr. Green brought this suit praying for specific performance of the alleged contract that he and Mr. Werfel entered into when Mr. Werfel failed to respond to Mr. Green's affidavit. (Doc. 1.) Specifically, Mr. Green seeks a decree ordering the IRS to refund all money taken from him in taxes or social security exactions plus interest, to remove all tax liens against Mr. Green, and to authorize Mr. Green to place a lien on and close IRS properties up to the sum of six billion dollars. (Doc. 1.) Defendant moves to dismiss Mr. Green's complaint for lack of subject matter jurisdiction. (Doc. 3.)

## II.   Standard of Review

When a litigant proceeds pro se in a district court, the court will read the plaintiff's allegations liberally, and will apply a less stringent standard to a pro se pleading than to a complaint drafted by counsel. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

2

A complaint should be dismissed where the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A facial attack on jurisdiction, such as Defendant makes here, "require[s] the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

## III. Discussion

Defendant argues that this Court lacks subject matter jurisdiction under the doctrine of sovereign immunity.[1] (Doc. 3 at 2.) The United States is immune from suit absent a waiver of sovereign immunity. Fed. Deposit Ins. Corp. v. Meyers, 510 U.S. 471, 475 (1994). Likewise, the protection of sovereign immunity also generally extends to agencies of the United States and employees of those agencies acting within their official capacity. Ishler v. Internal Revenue, 237 F. App'x 394, 397 (11th Cir. 2007). A waiver of sovereign immunity must be unequivocally expressed in statutory text and will not be implied. Lane v. Pena, 518 U.S. 187, 192 (1996).

### A. The United States

In analyzing a sovereign immunity defense, the first step is determining whether the action is truly directed at the United States. Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1555 (11th Cir. 1985). "An action is one against the

---

[1] Defendant also argues that this Court lacks subject matter jurisdiction under the Anti-Injunction Act, and because Plaintiff failed to allege that he is entitled to a tax refund. The issue of subject matter jurisdiction is sufficiently resolved under Defendant's argument of sovereign immunity, and therefore this Court will refrain from analyzing Defendant's other arguments.

3

United States as a sovereign where the judgment sought is to be satisfied from monies of the federal Treasury, or where the judgment interferes with public administration, or where the judgment's effect is to compel or restrain the government's actions." Id. Where the court finds that the United States is a defendant to the action, the plaintiff bears the burden of proving that the United States expressly waived immunity such that subject matter jurisdiction does exist. Ishler, 237 F. App'x at 398.

Mr. Green seeks relief against the IRS, a federal agency, in the form of closure of up to six billion dollars worth of IRS-owned property. (Doc. 1.) Such relief would undoubtedly interfere with public administration and restrain government efforts to assess and collect taxes. To this extent, Mr. Green has brought an action against the United States.

Mr. Green has not met his burden to allege that the United States has waived immunity in this action. The basis for Mr. Green's claims and the cause (or causes) of action he attempts to plead are not clear, beyond some sort of breach of contract claim. Though the court construes his pleadings liberally, the court cannot re-write his complaint for him. Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir. 1993). Even if this Court liberally construed Mr. Green's various allegations of illegal conduct engaged in by the IRS to rely on the Federal Tort Claims Act, 28 U.S.C. §2674, to demonstrate waiver, the government's sovereign immunity would not be waived. The FTCA does not apply to "any claim arising in respect of the assessment or collection of tax or customs duty." 28 U.S.C. §2680(c) (2006). Further, Mr. Green has failed to allege sufficient facts that would bring his action

4

under the Tax Refund Act, 28 U.S.C. §1346(a)(1), which gives the district courts original jurisdiction over claims against the United States for recovery of internal-revenue taxes that were erroneously or illegally assessed or collected under the internal-revenue laws.  Mr. Green has not alleged that federal taxes exacted from his wages were collected erroneously or illegally, other than the type of "tax-protester" arguments that are routinely rejected by courts.  See McNair v. Eggers, 788 F.2d 1509, 1510 (11th Cir. 1986).   Since Mr. Green has failed to allege an express waiver, the United States retains sovereign immunity from suit in this action.

### B.    Internal Revenue Service

While Mr. Green has listed Mr. Werfel, acting Commissioner of the IRS, as the defendant in this suit, the majority of allegations contained in Mr. Green's complaint are directed at the IRS itself.   (Doc. 1-1.)    The IRS is also protected from suit under the doctrine of sovereign immunity.   JBP Acquisitions, LP v. United States ex rel. F.D.I.C., 224 F.3d 1260, 1263 (11th Cir. 2000) ("Absent a waiver, sovereign immunity shields the Federal Government *and its agencies* from suit." (emphasis added)).   Mr. Green argues that the IRS is not a government agency, but a private corporation, and is thus not protected under sovereign immunity.   (Doc. 1-1 at 2.)   Mr. Green is in error.

The Internal Revenue Code of 1954, a federal statute, gave the Secretary of the Treasury authority to administer and enforce the Code, 26 U.S.C. §7801, and the authority to create an agency to enforce the tax laws, 26 U.S.C. §7803(a). Thereafter, the Secretary of the Treasury created the IRS.   26 C.F.R. § 601.101

5

(2014). Thus, the IRS is not a private corporation. See United States v. Fern, 696 F.3d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States"). Therefore, the IRS is immune from suit absent a waiver of sovereign immunity, which Mr. Green has failed to allege.

### C. Mr. Werfel, Commissioner of the IRS

Mr. Green argues that he is suing Mr. Werfel in his individual capacity (Doc. 9 at 5), and the complaint does name Mr. Werfel, acting Commissioner of the IRS, as Defendant in this action. However, the thrust of Mr. Green's complaint is directed at the IRS relating to exactions of federal taxes from Mr. Green's wages. (Doc. 1-1.) To the extent that Mr. Werfel was involved in any such activities, he was acting within his official capacity. Mr. Werfel shares the immunity of the United States against claims based on his actions taken within the scope of his employment. Ishler, 237 F. App'x at 397 ("Likewise, the protection of sovereign immunity also generally extends to the employees of [federal] agencies sued in their official capacities"). Therefore, Mr. Werfel is immune from this suit.

### IV. Conclusion

Sovereign immunity bars this action, whether brought against the United States, the IRS, or Mr. Werfel. Therefore, this Court lacks subject matter jurisdiction, and "is without power to render a judgment on the merits." Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984). Mr. Green's argument that the IRS has defaulted, and thereby admitted all of his allegations because it did not respond to his "affidavit" has no basis in law. Further, the declaration of lien that

6

Mr. Green recently filed with this Court is not enforceable. If Mr. Green has a legitimate claim that he has paid taxes that he does not owe, there are legal and administrative avenues that he can pursue. But this action is not the way.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 8.) is **GRANTED**. Because this Court is without subject matter jurisdiction, Plaintiff's Complaint (Doc. 1.) is **DISMISSED WITHOUT PREJUDICE**.[2]

2. Plaintiff's Prayer for Issuance of an Order Requiring Specific Performance (Doc. 8) and Motion to Accept Additional Evidence of Debt (Doc. 10) are **MOOT**.

3. The Clerk should now close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of June, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb.
Copies to:

Counsel of record

Pro se plaintiff

---

[2] Where a court lacks subject matter jurisdiction over an action, it has no power to render a judgment on the merits and dismiss the action with prejudice. Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984). Therefore, even though amendment of the Complaint would likely be futile, this Court dismisses Mr. Green's Complaint without prejudice.